## M'NUTT *against* JOHNSON.

In an action before a justice of the peace, where the cause is adjourned at the request of the defendant, and security is taken for the defendant's appearance at the time; such security must be by recognisance, taken by the justice, or a writing signed by the bail, otherwise the undertaking is within the statute of frauds, and the bail cannot be made liable.

IN error on *certiorari*, from a justice's court.

*Johnson* sued *M'Nutt*, before the justice. The summons was returned personally served; and the defendant below not appearing, the plaintiff declared, that in *October*, 1807, *Nathan Reynolds* was brought before *John Coles*, Esq. a justice of the peace for *Montgomery* county, on a warrant to answer to the plaintiff below, in a plea of trespass on the case, to his damage 25 dollars; that after joining issue before the justice, *Reynolds* demanded an adjournment of the cause, until the 3d of *October*, 1807, and offered *M'Nutt* as bail, who became bail, and undertook that *Reynolds* should appear and stand trial, and on default thereof, undertook to pay the debt and costs. That *Reynolds* appeared; but before judgment was rendered, departed from the court and absconded from the county; that judgment was given in that suit for the plaintiff, for seven dollars, besides costs; that execution was issued and returned, that neither the goods nor the body of *Reynolds* were to be found; whereupon an action accrued, &c. &c.

The plaintiff below produced a copy of the judgment, under the hand and seal of Justice *Cole*, before whom the action against *Reynolds* was tried, setting forth the judgment in favour of the plaintiff below, against *Nathan Reynolds*, the issuing execution thereon, and the return by a constable, that neither the property of *R.* nor his body were to be found. The certificate of the judgment, under the hand and seal of the justice, was accompanied with a certificate, sealed by the clerk of the county, that *John Cole* was a justice of the peace at the time the judgment was rendered.

A witness testified that he was present at the trial be-

tween the plaintiff below and *Nathan Reynolds*, and heard the defendant below say, that he was bail for *Reynolds;* that he should appear and stand trial on the day to which the cause was adjourned ; and that *Reynolds* did appear, but departed the court before trial was deter- mined. Upon this evidence, a judgment was given for the plaintiff below.

*Per Curiam.* The judgment is erroneous. The de- fendant not being present at the trial, cannot be deemed to have waived any objection to the competency of the proof; it ought, therefore, to have been legal. By the 7th section of the 25 dollar act, (24 sess. c. 165.) to en- title the defendant to an adjournment, under the circum- stances existing in the original case, the defendant is to give sufficient security to appear on the day, &c. and in default of such appearance, to pay the debt and costs, if judgment shall be given against such defendant. The particular kind of security is not designated ; but it must be either a recognisance taken by the justice, or at least a written engagement; otherwise, it comes directly within the statute of frauds; here there appears to have been neither.

Judgment reversed.