Howe v. Willson.

---

## HOWE *vs.* WILLSON.

In trespass for breaking and entering the plaintiff's close, "and then and there" taking and carrying away his goods, without any other count, the plaintiff cannot recover upon proof of the *taking* only.

In actions for torts the plaintiff may, generally, recover without proving the whole declaration, provided he proves so much of it as would, standing alone, constitute a good ground of action; but where the part not proved is matter of description and in consequence of the failure to prove it, there is a variance between the evidence and the allegation, such variance will be fatal.  *Per* BRONSON, Ch. J.

The rule that pleadings in justices' courts are to be liberally construed, has no application where the question is one of variance between the pleadings and the proof. *Per* BRONSON, Ch. J.

ERROR to Onondaga C. P.  Howe sued Willson before a justice, and declared for that the defendant on, &c., with force and arms broke and entered the plaintiff's close situate at V. in the county of O., and then *and there* took and carried away the plaintiff's horse, &c.  Plea, not guilty.  The plaintiff recovered

before the justice $55 damages, besides costs; and the defendant appealed. On the trial in the C. P. the plaintiff gave no evidence of a breaking of his close; but proved that the defendant entered the close of another man near by the plaintiff's and took and carried away the plaintiff's horse. The defendant then moved for a nonsuit, which was granted on the ground that the proof did not sustain the declaration. The plaintiff now brings error.

*S. C. Parker,* for the plaintiff in error.

*G. F. Comstock,* for the defendant in error.

*By the Court,* BRONSON, Ch. J. In actions for torts the plaintiff may, as a general rule, recover without proving the whole declaration, provided he proves so much of it as would, standing alone, constitute a good ground of action. There is an exception to the rule where the count contains matter of description, and, in consequence of proving only a part, the proof does not correspond with the allegation. There, the variance will be fatal. (*Ricketts* v. *Salwey,* 2 *Barn. & Ald.* 363, *per Abbott, Ch. J.*) The plaintiff might well recover for the taking of the goods without proving the rest of the count; but his case unfortunately falls within the exception to the rule. The allegation is, that the taking of the goods was part of a trespass in which the breaking of the close was the principal thing; (*Taylor* v. *Cole,* 1 *H. Black.* 555;) and that the taking was in the close. This must be regarded as matter of description; and it is not only unsupported by the evidence, but it is proved to be false. There was no entry into the plaintiff's close, and the taking was in the close of another man. Although the taking of goods is in its nature transitory, it is here so coupled with the breaking of the close, which is local, that both are made local; and both must be proved as laid. There should have been a count for the taking alone. In *Smith* v. *Milles,* (1 *T. R.* 479,) Buller, J., in speaking of this kind of action, said, the general use of adding the second count is this; the first charges an injury done to the land, and taking the goods there: that is

Howe *v*. Willson.

in its nature local, and must be proved where laid. Then the reason, and almost the only one, of adding the second count is, in order to avoid the locality: it is for taking goods generally. That is of a transitory kind, and may be supported, though the taking be proved to be elsewhere. Mr. Chitty lays down the rule in nearly the same words. (1 *Chit. Pl.* 393, *ed. of* 1819. *Ed. of* 1837, *p.* 447.) In *Ropps* v. *Barker*, (4 *Pick.* 239,) although it was not absolutely necessary to dispose of the question, the reporter understood the point to be decided, that in trespass *quare clausum fregit* and taking goods, the plaintiff cannot recover for the taking only, unless he has a count adapted to that particular injury. (*And see* 2 *Stark. Ev.* 1442, 1571, *ed. of* 1826; *ed. of* 1842, *vol.* 2, *p.* 1106; *Vol.* 1, *p.* 465.) We are referred to a passage in *Bac. Abr.*, (*tit. Costs B*,) as laying down a different doctrine. But the counsel is mistaken. The authority cited by Bacon is 1 *Freem.* 394, *case* 511. The case was this: in trespass *quod domum fregit et bona asportavit*, as to the *domum fregit* the defendant was found not guilty, but to the taking away of the goods, guilty; and damages were assessed to fifteen shillings. It was held that the plaintiff was entitled to costs; and this was the only point decided. No question was made whether the jury could properly find such a verdict: and besides, for aught that appears there was a general count for the asportavit of the goods, without any charge of breaking the close. I conclude, that in trespass for breaking and entering the plaintiff's close, "and then and there" taking and carrying away his goods, without any other count, the plaintiff cannot recover on proof of the taking only. This is a still stronger case, for here it appears that the taking was in the close of another man. That makes the variance more striking.

The plaintiff relies on the rule, that the pleadings in justices' courts are to be liberally construed; but the rule has nothing to do with this case. There is no defect in the declaration, either in form or substance. The difficulty is, that the declaration is not supported by the proof; and for that reason the plaintiff was properly nonsuited.

Judgment affirmed.