Clark v. Van Vrancken.

## CLARK vs. VAN VRANCKEN.

The general doctrine that where a party does not appear he waives nothing, is well settled; but this means, nothing impeaching the jurisdiction or authority of the court to act, and nothing in the way of objection to the proceedings and the competency or sufficiency of evidence on the part of the plaintiff. This is the extent to which the rule has been or can properly be carried.

With the exception of objections to the jurisdiction, and those which arise upon the proceedings and case of the plaintiff, all objections are waived by an omission to appear and make them, in the proper form, before judgment.

An omission to challenge is a waiver of all objection to a juror, in like manner as an omission to plead a defense is a waiver of the defense. And this, whether there be an appearance or not.

Accordingly, where in an action before a justice of the peace, an adjournment took place, after issue joined, and the defendant, although present, did not appear, on the trial; *it was held* that he could not, on appeal from the judgment, raise the objection that some of the jurors who sat upon the trial were not competent, as such, for want of the requisite property qualification.

APPEAL by the defendant from a judgment of the Livingston county court. The action was commenced before a justice of the peace, and, after issue joined, was tried by a jury, who found a verdict in favor of the plaintiff for $100. From the judgment rendered thereon, the defendant appealed to the county court, where the judgment of the justice was reversed. The defendant did not appear, on the trial before the justice, or make any objection to the jurors, or either of them, but in the county court he assigned for error in fact that William Woolever, Isaac Preston and Merrick C. Townsend, and each of them, were not competent jurors, by reason of not having the property qualifications required by the statute.

Clark *v.* Van Vrancken.

*R. L. Dorr*, for the appellant.

*J. A. Van Derlip*, for the respondent.

*By the Court*, T. R. STRONG, J. The complaint, in each count, charges an entry upon real estate, and in connection therewith the commission of other acts. In two of the counts the taking and carrying away of personal property, and in the other, making a noise and disturbance, and using indecent language to the plaintiff's family, whereby the plaintiff's wife became sick, and he lost her services. The cause of action, in each count, is the entry on the premises; all the rest is matter of aggravation. (*Howe* v. *Willson*, 1 *Denio*, 181. *Houghtaling* v. *Houghtaling*, 5 *Barb*. 379, 382. *Eames* v. *Prentice*, 8 *Cushing*, 337.) And the proof given upon the trial abundantly established the several causes of action, and most of what is alleged in aggravation.

The defendant cannot have any benefit from the slight proof in support of a license in fact to enter upon the premises, as no justification of that character is set up in the answer. (*Haight* v. *Badgeley and wife*, 15 *Barb*. 499.)

There was no proof introduced to sustain the justification, or new matter pleaded by the defendant.

This disposes of the whole case, with the exception of a single point presented by the assignment of error in fact, viz: that some of the jurors who sat upon the trial were not competent, as such, by reason of not having the property qualification prescribed by the statute. After issue was joined an adjournment took place, and the defendant, although present, did not appear on the trial. (*Fanning* v. *Trowbridge*, 5 *Hill*, 428.) It is claimed in his behalf, that as he did not appear, no objection which he might have taken, had he appeared, is waived, and that he may avail himself of any such objection on appeal.

The general doctrine, that when a party does not appear he waives nothing, is well settled; but this means, nothing impeaching the jurisdiction or authority of the court to act, and

nothing in the way of objection to the proceedings and the competency or sufficiency of evidence on the part of the plaintiff. This is the extent to which the rule has been or can properly be carried. In *McNutt* v. *Johnson*, (7 *John.* 18,) the objection was the incompetency of the proof, and the court say, "The defendant not being present at the trial cannot be deemed to have waived any objection to the competency of the proof; it ought therefore to have been legal." In *Northrup* v. *Jackson*, (13 *Wend.* 85,) it was objected "that the declaration was general when it should have stated the special contract, and also that parol evidence was given of the letter of the defendant upon which his liability rested." The court say, "as the defendant waived nothing on the trial he has a right now to raise the objections." In *Squier* v. *Gould*, (14 *Wend.* 159,) the objection allowed was, that evidence was received which was not admissible. In *Tiffany* v. *Gilbert*, (4 *Barb.* 320,) error in fact was assigned on certiorari, that the judgment was rendered by a justice of the peace not residing in the same town with either of the parties, nor in an adjoining town, &c. wherefore the justice had not jurisdiction. The judgment was reversed in the county court on that ground, and the decision was affirmed in this court. The objection in the case last cited did not appear in the plaintiff's proceedings or evidence, but as it went to the jurisdiction of the court, the plaintiff was allowed to make it by assigning error in fact. (*See Robinson* v. *West*, 11 *Barb.* 309.) In *Post* v. *Black*, (5 *Denio*, 66, 67,) the return of the justice showed he was related to the plaintiff, and it was objected on the return only, without any assignment of error in fact, that the justice was thereby disqualified from acting as such, and the court, after remarking that the omission to notice the objection at the trial was not a waiver of it, say, "The question of jurisdiction may be raised at any time."

In cases of defect of jurisdiction, the proceedings are generally a nullity, and may be attacked for that cause collaterally, and there is therefore much propriety in permitting a party who did not appear in the court below, to have the benefit in

Clark *v.* Van Vrancken.

error of such a defect by assigning error in fact; but with the exception of objections of that character, and those which arise upon the proceedings and case of the plaintiff, I think all objections are waived by an omission to appear and make them in the proper form, before judgment. The right to answer, and hence of necessity the right to make a defense which must be set up by answer in order to be available, is waived by not appearing in the court below. Payment, release, set-off, accord and satisfaction, and all affirmative defenses, or defenses arising out of new matter to be brought forward by the defendant, which existed before judgment, are thus waived. No one would think of making such matters the subject of an assignment of error in fact. The same principle which excludes this, applies, in my judgment, with the exceptions already stated, to all objections in the nature of a pleading founded upon new matter. And to this class belongs a challenge to a juror for a want of the requisite property qualification, or for any thing else forming a principal cause of challenge. Such a challenge is in the nature of a pleading, although not strictly a pleading as regulated by the code; it must be answered by a denial or a demurrer, and an issue thus be formed upon it, which must be formally tried; the issue makes a part of the record, and the proceedings and decision upon it may be reviewed on appeal. (*Ex parte Vermilyea*, 6 *Cowen*, 555. *The People* v. *Vermilyea*, 7 *Cowen*, 108. *The People* v. *Mather*, 4 *Wend*. 229.) A challenge to a juror does not go to the jurisdiction of the tribunal; though a juror be incompetent as such the trial is not invalidated; and the only mode by which the incompetency can be alleged and the facts constituting it introduced is by a challenge which must be supported by proof, if the facts are disputed. Where there is no challenge there is no issue and no basis for the proof. And the challenge must be made before the trial, otherwise the right to make it is waived.

On the whole, I am satisfied, that an omission to challenge is a waiver of all objection to a juror, in like manner as an

omission to plead a defence is a waiver of the defense.    Whether there be an appearance or not makes no difference.

The judgment of the county court must be reversed, and that of the justice affirmed.

[CAYUGA GENERAL TERM, June 4, 1855.    *Selden, T. R. Strong* and *Johnson,* Justices.]