Baker *v.* Simmons.

---

### Baker *vs.* Simmons.

The verdict of a jury, in a justice's court, should not be set aside simply because the constable having them in charge has sought to interfere with their deliberations, and has urged them to give their verdict to the prevailing party.

THIS was an appeal from the judgment of a county court, reversing a judgment rendered by a justice of the peace. The opinion of the court contains a statement of the facts.

*By the Court,* Mason, J. The plaintiff in this case recovered a judgment before a justice of the peace for $91.44 damages and costs of suit, and which, on appeal to the county court, was reversed on error in fact assigned. The judgment was reversed on the sole ground that the constable who had charge of the jury, after they had retired to their room to deliberate on their verdict, urged the jury to give a verdict for the plaintiff. The jury, when they first went out, stood four for the verdict ultimately rendered, and two were for giving a less amount. The jury were out some two hours, and the constable at different times urged them to give a verdict for

the plaintiff, for the full amount. Some of the jurors told him to be still, and mind his own business ; and they all swear that they paid no heed to what the constable said, and that his remarks had no influence upon them, or the verdict which they gave. The simple and only question presented for our adjudication in the case is, whether the court were right in reversing the judgment of the justice for this interference of the constable with the deliberations of the jury. I have looked in vain for a case where the courts in this country, or in England, have set aside the verdict of the jury for such misconduct of the constable. The rule is very strict in regard to the misconduct of a party to the suit, in intermeddling with the jury. The verdict will be set aside for the least intermeddling or improper interference with the jury, or any of them, by a party, during the trial. (13 *Mass. R.* 248. 3 *Brod. & Bing.* 257. 9 *How. Pr. R.* 7.) And so where there has been any misconduct in the jury which created any suspicion of abuse, unless the court can see that such misconduct could not have prejudiced their verdict, the verdict will be set aside. (*Grah. Pr.* 313 *to* 316, *and cases there cited.*) But the rule is different where the constable who has charge of the jury has been guilty of official misconduct by talking to them about the case while under his charge, deliberating upon their verdict. The case of *Taylor* v. *Everett* (2 *How. Pr. R.* 23) is in point. It appears in that case, from the affidavits of several of the jurors, that they were induced to render a verdict which they would not have rendered but for a communication made to them by the constable while they were in their room deliberating upon their verdict ; and Judge Jewett refused to set aside the verdict. The same doctrine is held in the case of *The People* v. *Carnal,* (1 *Parker's Cr. R.* 256.) That case was much stronger than this one at bar. It was a trial for murder, and the constable communicated with the jury, and one of them swore that he never should have convicted the prisoner but for what the constable communicated to them. A new trial was denied in that case, after full argument and ex-

Baker *v.* Simmons.

amination by the court, and the doctrine was affirmed that a communication from the constable to the jury is no cause for disturbing the verdict. While the courts have guarded the verdict of juries, with the greatest caution, from even a suspicion of abuse on the part of the jury that would be likely to prejudice their verdict, and from the least intermeddling or improper interference by a party, no case can be found where they have disturbed a verdict for interference by the constable. And I cannot see any reason, upon principle, for interfering with their verdict, where the jury had no communication with the officer, except to request him to remain silent, but continued to discuss the case among themselves until they came to an agreement, and then returned into court. The constable has no agency in making the verdict; and from the oath which is administered to him in the presence of the jury, they very well understand that the constable has no business to interfere in their deliberations; and they are not likely to heed any thing he may say to them. They would be likely to say to him as the jury did in the case at bar, " Be still, sir." And besides, it would be a practice rendering very insecure the verdict of a jury, if it were liable to be set aside for every such officious intermeddling of strangers to the controversy; for the same principle which would set aside the verdict when the constable wrongfully interfered with the jury, would also invalidate the verdict when any other person did so. I am prepared to affirm the general principle that the verdict of a jury should not be set aside simply because the constable, who has them in charge, has sought to interfere with them and has urged them to give their verdict to the prevailing party.

. The judgment of the county court must be reversed, and that of the justice affirmed.

[TOMPKINS GENERAL TERM, October 20, 1857. *Gray, Shankland* and *Mason,* Justices.]