THOMAS *vs.* CHAPMAN and another.

Although affidavits of jurors will not be received to show their own misconduct, or the misconduct of their fellows, they are admissible to show the misconduct of a party, or of the officer having charge of them.

Affidavits of jurors, going to show that they agreed to the verdict only in consequence of the statements of the officer, *it seems*, are not admissible for that purpose; but it is not necessary for the party complaining of the verdict to show that it was in fact influenced by the statements of the officer.

It is sufficient for him to show that there is reason to suspect that the statements were made, and if made, that they were likely or calculated to influence the verdict.

MOTION to set aside a verdict on account of the misconduct of the officer having charge of the jury.

SUTHERLAND, J. With some hesitation I have come to the conclusion that the verdict in this case must be set aside for misconduct of the officer having the jury in charge. Bird, one of the jurors, in his affidavit, states expressly, that the officer "stated to them (the jury,) that the court had adjourned and left orders for him (said officer,) to lock up the jury and keep them all night, unless they agreed upon a verdict; *that the case was clear for the plaintiff*, and *that the jury had better agree and go home; that if they did not, soon, he should lock the jury up for the night.*" That on several occasions in the course of the afternoon, the officer made "the announcements, threats or intimations in about the words above stated." It is also stated in the affidavit of Bird, that he was quite unwell at the time, and but for the prospect or fear of being locked up for the night, he never would have agreed to the verdict, which was rendered for the plaintiff for $2348.07. Thomas, another of the jurors, states in his affidavit that the statement in Bird's affidavit as regards the words used by the officer, is true, and that he "would never have agreed to the verdict, had it not been for the prospect of being kept up all night," &c.

The affidavit of the officer having charge of the jury is not entirely satisfactory. He states that the jury retired after

the charge of the court, at about half past. twelve o'clock ; that the court adjourned about three o'clock; that he "did not have any communication with the jurors, or any of them, except to ask them if they had agreed upon their verdict, *or* to listen to remarks or inquiries which they made to him ; that he did not say any thing to them, *in reference to the merits of the case or their deliberations as jurymen.*" He states, that upon informing the jury that the Judge had directed him to allow them to go out for refreshments at five o'clock "one of the jurors asked deponent what he would do, with them after that; whether he would lock them up all night ; that deponent would not tell them what his instructions were on that point, and passed it off by saying, *I suppose so,*" &c.

It is true, the officer denies, in his affidavit, that he said to the jury what Bird and Thomas, the two jurymen, say he said ; or that he used words of like tenor and effect; but I think his affidavit contains a confession that he did say what he ought not to have said.

The affidavit of the other ten jurors is a mere general affidavit, that the statements in the officer's affidavit as to the conduct of the officer, and his communications with the jury, are true. Conceding this affidavit to have been made in the most perfect good faith, it probably only amounts to this, viz: that the ten jurors did not hear or may not have heard, the statements of the officer mentioned in the affidavits of the other two jurymen.

Affidavits of jurors will not be received to show their own misconduct, or the misconduct of their fellows, (*Clum* v. *Smith*, 5 *Hill*, 560 ;) but I think there is no doubt that they are admissible to show the misconduct of a party, or of the officer having charge of them. (*See Reynolds* v. *Champlain Trans. Co.*, 9 *How. Pr. R.* 7.)

That portion of the affidavits of the two jurors which goes to show that they agreed to the verdict only in consequence of the statements of the officer, is not probably admissible for

*that purpose;* (*Taylor* v. *Everett*, 2 *How. Pr. R.* 23,) but it is not necessary for the defendant, Chapman, to show that the verdict was in fact influenced by the statements of the officer. It is sufficient, I think, for him to show that there is reason to suspect that the statements were made, and if made, that they were likely or calculated to influence the verdict. (*Wilson* v. *Abrahams*, 1 *Hill*, 211. *Knight* v. *Inhabitants of Freeport*, 17 *Mass. R.* 218. *Coster* v. *Merest*, 3 *Brod. & Bing.* 257. 7 *C. L. Rep.* 433.)

The motion to aside the verdict for misconduct of the officer must be granted, with $10 costs, to abide the event of the action. Of course it will be necessary to decide the motion for a new trial on the case made.

[NEW YORK SPECIAL TERM, November 6, 1865. *Sutherland*, Justice.]