Hardin, J.
The juror, upon a challenge to the poll, could have been held incompetent to sit in this case, and such challenge might have been interposed, with time and opportunity to make the proof necessary to sustain the challenge (Wakeman v. Sprague, 7 Cow., 721).
Such a challenge is in the nature of a pleading. An issue may be framed, and the decision upon it may be reviewed (6 Cow., 55; 7 Id., 108 ; 4 Wend., 229).
Besides, it is settled that a challenge to a juror does not go to the jurisdiction of the court (Clark v. Van Vranken, 20 Barb., 281), and in this last case it is said, “ And the challenge must be made before the trial, *221 otherwise the right to make it is waived” (Opinion of Story, J.).
If the objection went to the jurisdiction of the court, as in case of the relationship or affinity of the judge, the rule would be otherwise (20 Barb., 281).
In case of the affinity or consanguinity of a party to the court, there would be no jurisdiction, and the judgment would be absolutely void (41 Barb., 200; 1 Abb. Ct. App. Dec., 341; 17 Barb., 410; 21 Wend., 64 ; see note to Jewell v. Albany City Bank, 1 Clark Ch., 188, new ed. of 1869, with notes).
It has been held that the sitting of jurors, not regularly summoned, disqualified by age, being infirm, destitute of property qualifications, being unnaturalized aliens, do not vitiate the verdict.
That if the objection be not taken in time it is waived, especially when it does not appear that injustice was produced, even in cases where the objection was not known before the trial (Burnett v. Matthews, 40 How., 434 ; and cases cited in opinion of Daniels, J. ; Clode, § 176).
Great latitude is allowed at the circuit, in procuring a jury, for a party to determine what jurors are qualified and indifferent between the parties (3 Rev. Stat., 5 ed., 718). Parties who do not avail of that latitude, and the rules established to secure as jurors persons who are strictly qualified, in the absence of proof that injustice has been done, should be held to waive objections or causes for challenge which might have been ascertained with diligence (6 Wend., 388; 17 Johns., 133 ; 7 Cow., 478 ; 1 Seld., 531.) No such injustice is shown in this case, and the motion to set aside the verdict is denied, with ten dollars costs.*

 At general term, in the fourth deparment, January, 1874, present, Mullin, P. J., and Gilbert and E. D. Smith, JJ.,—this order was affirmed.