JOHN R. WHITE v. JOHN G. HAPEMAN ET AL.

*Ejectment—Agreement on boundary.*

| 43 | 267 |
|----|-----|
| 111 | 83 |
| 43 | 267 |
| 127 | 195 |

A declaration in ejectment for "a portion of a strip of land ten rods wide off from the west side" of a designated forty-acre lot, is fatally defective because it neither gives the length or width of the strip, nor so identifies it that possession may be given in case of recovery.

Adjoining owners orally agreed that one of them should keep up a division fence but should keep it entirely within his own bounds. After twenty years the fence was moved to the boundary and ejectment was brought for the strip of land cut off by its removal. *Held* that the action would not lie. As the oral agreement was void and the owner of the strip might have withdrawn from it, the strip was never held adversely to the owner, whose title was recognized in the agreement and always afterward.

One cannot be estopped from asserting a title against one who has always recognized it.

Title to lands cannot pass by estoppel, nor can the right to permanent possession.

Error to Kent. Submitted April 8. Decided April 14.

EJECTMENT. Plaintiff brings error.

*M. Barton* for plaintiff in error.

*E. A. Maher* for defendants in error. Possession, in order to settle a disputed boundary, must have been adverse, *Chapman v. Crooks* 41 Mich. 595; and must be shown to have been so for twenty years, *Yelverton v. Steele* 40 Mich. 538; permissive enjoyment of a privilege does not establish adverse user, *Chestnut Hill etc. Co. v. Piper* 77 Penn. St. 432; *Sargent v. Ballard* 9 Pick. 251; *Parker v. Foote* 19 Wend. 309; 1 Washb. R. P. (3d ed.) 299; an oral agreement by an adjacent proprietor to put up a partition fence on his side of the line is void by the statute of frauds, Tyler on Fences, 344; *Hewlins v. Shippam* 5 B. & C. 221; it is at most a license revocable at the will of the grantor (1 Washb. R. P. 545), and

.occupation thereunder cannot establish an adverse right, Washb. Easements 164; *Wright v. Wright* 21 Conn. 329; *Felton v. Simpson* 11 Ired. 84; *Wheatley v. Baugh* 25 Penn. St. 528; and even if it were established it would not bind later purchasers, *Adams v. Van Alstyne* 35 Barb. 9; 25 N. Y. 232; *Burrell v. Burrell* 11 Mass. 298.

COOLEY, J.   This action is ejectment for land described in the declaration as "a portion of a strip of land ten rods wide off from the west side of the southeast quarter of the southwest quarter of section 35," in the township of Grattan.   Neither the width nor the length of this strip is given, nor anything else whereby it may be identified and possession given in case the plaintiff should recover.   The declaration is therefore fatally defective and no judgment for the plaintiff could be given upon it.

As however the merits of the controversy between the parties have been fully examined in this case, and the result of the case going off on a defect of pleadings would probably be a new suit, it may be proper to examine the exceptions.   It appears from the case made by the plaintiff that the parties to the suit own adjoining lands; that some twenty-five years before this suit was instituted it was agreed between the parties then owning these lands respectively, and under whom plaintiff and defendants have derived their titles, that the grantor of defendants, for a sufficient consideration, should maintain a division fence between them, but that he should place and keep it entirely within the bounds of his own land. · The agreement was oral, and was observed for more than twenty years, when defendants moved the fence upon the line of division between the respective parcels.   This suit was thereupon instituted to recover the narrow strip of land between where the fence formerly was and where it has now been placed.

Confessedly this strip of land belongs to the defendants, unless they have lost it in consequence of the oral arrangement already mentioned, and the long acquies-

cence of their grantor and themselves in the fence being maintained in accordance therewith. It is not claimed that the oral arrangement could of its own force deprive the owner of his title; it was void in law, and the grantor of defendants might at any time have withdrawn from and refused any longer to be bound by it. There is no pretense that the land has at any time been possessed adversely to the true owner: on the contrary the title of defendants and their grantor has always been recognized, and was conceded in the agreement itself. It is urged in the brief of plaintiff that defendants are now estopped from repudiating an arrangement so long observed, but the grounds of estoppel are not very clearly indicated. One certainly cannot be estopped from asserting a title against a party who has always known of and always recognized it. Moreover, as was shown in *Hayes v. Livingston* 34 Mich. 384, the title to lands cannot pass by estoppel, and if the plaintiff claims not the title, but the right to permanent possession, this comes to the same result and is equally admissible. *Nims v. Sherman* ante p. 45.

The plaintiff suggests no other ground of recovery, and it follows that the judgment which was given in the circuit court for the defendants, must be affirmed with costs.

The other Justices concurred.