DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

## GENERAL TERM

October, 1882.

---

## THE PEOPLE OF THE STATE OF NEW YORK, Respond-
### ents, v. EDWIN O. DRAPER, Appellant.

*Indictment — when it is not objectionable as setting out two offenses — what a sufficient charge therein, of the crime of rape — a demurrer will not lie because of the indefiniteness of an indictment — Code of Criminal Procedure, sec. 415 — to what adjournments it refers — a new trial will not be granted for a harmless, inadvertent omission to comply with it — new trial not granted for harmless irregularities occurring while the jury are deliberating upon their verdict.*

An indictment charged that the defendant, "in and upon Emma I. Lacey, feloniously and violently did make an assault, and her, the said Emma I. Lacey, then violently and against her will feloniously did ravish, and carnally did know, against the form of the statute," etc. The defendant demurred on the ground that the indictment charged two offenses, to wit, an assault and the crime of rape; and, also, upon the ground that the facts alleged did not constitute the crime of rape, as it was not alleged that the woman on whom the rape was charged to have been committed was at that time of the age of ten years and upwards.

*Held*, that the demurrer was properly overruled.

The Code of Criminal Procedure does not authorize a demurrer to be interposed on the ground of the indefiniteness of the indictment.

Section 415 of the Code of Criminal Procedure provides that "the jury must at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court; that it is their duty not to converse among themselves on any subject connected with the trial, or to form or express an opinion thereon until the cause is finally submitted to them."

The defendant moved for a new trial on the ground that the court omitted, on taking a recess for dinner, to admonish the jury as required by that section.

*Held*, that as the omission to charge the jury was apparently the result of a mere inadvertence, which was not shown to have worked harm to the defendant, it furnished no cause for setting aside the verdict.

*It seems*, that this section refers to an adjournment from day to.day, or for a longer time, and not to a recess taken during a single day's session.

The action of a jury in getting possession, while deliberating upon their verdict, of a copy of the Revised Statutes, or of any other book containing statements of law as to the crime set forth in the indictment, although irregular, will not vitiate the verdict unless it be shown that the defendant was prejudiced thereby.

The fact that the officers sworn to attend a jury were in the same room with them during their deliberations is not a ground for granting a new trial.

The practice is not, however, to be approved of.

APPEAL from a judgment of the Court of Sessions of Orleans county convicting the defendant of rape.

*W. P. L. Stafford*, for the appellant.

*Isaac S. Signor*, for the respondents.

SMITH, P. J. :

The indictment charged that the defendant "in and upon Emma I. Lacey feloniously and violently did make an assault, and her, the said Emma I. Lacey, then violently and against her will feloniously did ravish and carnally did know against the form of the statute," etc.

The defendant demurred to the indictment on the ground that it charges two offenses in the same count, to wit, an assault and the crime of rape ; and, also, upon the ground that the facts alleged do not constitute the crime of rape, inasmuch as it is not alleged that the woman on whom the rape was charged to have been committed was, at the time, of the age of ten years or upwards. The demurrer was overruled and, as we think, properly. The assault charged was simply an element of the offense of rape. It was unnecessary to allege that the person on whom the offense was committed was of the age of ten years or upwards. The demurrer was taken under the fourth subdivision of section 323 of the Code of Criminal Procedure, which authorizes a demurrer when it appears on the face of the indictment that the facts stated do not constitute a crime. The facts alleged constituted the crime of rape as defined

by the Revised Statutes (2 R. S., 663) whether the female was over or under the age of ten years. If over that age, a "forcible ravishing" constituted the crime; if under, "carnal and unlawful knowledge" was enough, and both were alleged. If it be urged that the indictment was so indefinite as that it could not be known which offense was charged, the answer is that the Criminal Code does not make indefiniteness a ground of demurrer.

The defendant moved for a new trial in the court below on several grounds. The first of these is the alleged error of the court in omitting, on taking a recess for dinner, to admonish the jury as required by section 415 of the Code of Criminal Procedure. That requirement is that "the jury must, also, at each adjournment of the court, whether permitted to separate or kept in charge of officers, be admonished by the court that it is their duty not to converse among themselves on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them." We are inclined to think that the legislature, in adopting the enactment above quoted, had in view an adjournment from day to day, or for a longer time, and not a recess taken during a single day's session. "An adjournment," says Blackstone, " is no more than a continuance of the session from one day to another, as the word itself signifies." (1 Com., 186.) It can hardly be supposed that the legislature intended that the admonition should be repeated whenever, during the day, the trial should be suspended and the jury allowed to retire for a few minutes, as is often the case. But whatever the proper construction of the section, and whatever the liability to which a court or judge may be subjected by reason of a willful violation of its provisions, we are of the opinion that an omission to give the prescribed admonition, which is the result of mere inadvertence, as this apparently was, and which is not shown to have worked harm to the defendant, is no cause for setting aside the verdict. One of the defendant's attorneys states in his affidavit that he "is informed and believes that the rights of the defendant were substantially prejudiced to his great injury" by the omission referred to, but this is a mere conclusion of the affiant, and no fact is stated on which it is based. Section 463 of the Code of Criminal Procedure declares that a new trial can be granted by the court in which the former trial was had *only* in the

cases provided in section 465, and an omission to admonish the jury, as directed in section 415, is not one of the cases specified in section 465, in which a new trial may be granted.

It is contended by the appellant's counsel that a new trial should have been granted for the alleged misconduct of the jury in consulting law books on the crime of rape during their deliberations. It appears that the jury were out all night in charge of two officers, and that during a part of the night they were allowed to occupy the room in which the trial had been had. Van Stone, one of the officers, makes an affidavit in which he says that the jury "had access to law books on the crime of rape; that one and another of the jury read to the others from such books and expounded to them the law thereon as they supposed it to be, and contrary to the judge's charge; and that said reading of law so made continued during nearly all of said night." The other officer, Howard, makes affidavit that he "was with the jury nearly all the time they were in said room, being out of said room only two or three times, and then only a few minutes at a time, leaving the other officer in charge; that he saw some of the jurors reading some of the books lying on the table; that they appeared to be reading said books to while away the time, and that he heard no general talk or discussion among the jurors upon what they had read; that he did not hear anything to make him believe that any of said jurors were influenced by anything read in any book or anything other than the evidence in the case; that none of said jurors asked for any law books, and that none were furnished to said jury or any member thereof to the knowledge or belief of deponent." One of the defendant's counsel makes affidavit that he "is informed and believes that the defendant would not have been convicted of the crime charged had it not been for the jury's misreading and misunderstanding of the law governing this case in the jury room, and other misconduct; and that the jury came to unite in a verdict of guilty, under the false impression derived from such improper conduct, that if convicted, defendant could not be sentenced for more than five years." The affiant does not give the name of his informant, or the sources of his information. In the nature of the case it could only have been derived from the jurors themselves or the officers in charge. The officers are presumed to have stated all the information they

possessed on the subject in their affidavits above quoted. As declarations of jurors cannot be received to impeach their verdict, information derived from them would be incompetent. The affidavit of counsel, therefore, is to be regarded merely as a statement of his belief on the subject, and adds nothing whatever to the statements made by the officers. On the part of the plaintiff, the affidavits of two of the jurors are presented for the first time on the hearing of the appeal, to the effect that before the jury were taken into the room where the books were, all the jurors except the two affiants voted for conviction, and that the affiants in subsequently voting the same way and making the result unanimous were not influenced by anything read from the books. But those affidavits not having been used on the motion in the court below, are not now available to the plaintiff without the defendant's consent. The only case cited by the counsel for the prosecution in support of his motion to be allowed to read them on the appeal, is *Eastwood* v. *The People* (3 Park. Cr. R., 25); but there the affidavits used at the General Term in the first instance were read on the part of the prisoner without objection by the people's counsel. But upon the case as made by the affidavits of the two officers we do not think the Sessions erred in refusing a new trial. Within the limitations prescribed by sections 463 and 465, above referred to, misconduct on the part of the jury is not cause for granting a new trial, unless it be such as to have prevented " a fair and due consideration of the case." No misconduct is alleged on the part of the parties or of anyone connected with the trial. None of the jurors called for books and none were furnished them. The books to which they had access had been used in court and inadvertently left on the table, without any design that they should come to the hands of the jury. What the books were, or what were their contents on the subject of rape does not appear. The averments of Van Stone as to what the jurors read therefrom are of the vaguest description. If his affidavit were wholly uncontradicted it would be difficult to say what law the jurors imbibed from the books, or in what particular respect they were misled as to the law to the defendant's prejudice. But upon the affidavit of Howard there is no reason to suppose that any juror was influenced by what was read from the books. Before the Code of Criminal

Procedure, irregularity in the conduct of a jury, when it was shown that no injury resulted to the prisoner, was not ground for a new trial. In the capital case of *The People* v. *Hartung* (17 How. Pr., 85 ; S. C., on appeal, 4 Park. Cr. R., 319, 329), the jury, during their deliberations, having improperly p )ssessed themselves of a copy of the Revised Statutes and consulted the same, it was held a mere irregularity, which, not having resulted in any actual prejudice to the prisoner, was held not to have vitiated the verdict. In *Baker* v. *Simmons* (29 Barb., 198), it was held by the Supreme Court in the sixth district that the verdict of a jury in a Justice's Court should not be set aside simply because the constable having them in charge sought to interfere with their deliberations and urged them to give their verdict to the prevaili ig party. It would have been otherwise had the act of the constable been instigated by the party. A much stronger case is that of *The People* v. *Carnal* (1 Park. Cr. R., 256). It was a trial for murder. The constable communicated with the jury, and one of them swore that he never should have convicted the prisoner but for what the constable communicated to them. A new trial was denied, after full argument and examination by the court. The cases cited are authority for holding that if the jury in the case before us had possessed themselves of a copy of the Revised Statutes or of any other book containing some statement of law on the subject of rape, the act, although irregular, would not have vitiated their verdict, unless it appeared that the defendant was prejudiced thereby.

There is an obvious distinction between the case at bar and that of *Mitchell* v. *Carter* (14 Hun, 448), cited by the appellant's counsel. There the jury possessed themselves of the minutes kept by the trial judge, which contained, partial and imperfect notes of the testimony, and consequently the jurors in reading them could hardly avoid getting false impressions of the facts of the case.

The fact that the officers sworn to attend the jury were in the same room with the jury during their deliberations is not ground for granting a new trial. There is no rule in this State which prevents such practice, although it is not to be approved. (*The People* v. *Hartung*, 4 Park. Cr. R., 256.) The rule seems to be otherwise in Michigan. (*People* v. *Knapp*, 43 Mich., 267.)

The application for a new trial on the ground of newly discovered

evidence was properly denied. The affidavit upon which that branch of the motion is based fails to show that Mary Smith, the person whose testimony is alleged to be newly discovered, is a material witness in any respect, except as it may be inferred from the fact that she was a household servant in the employ of the father of the complainant at the time the rape was alleged to have been committed. For aught that appears that fact was known to the defendant before the trial. The affidavit alleges that she was not subpœnaed for the reason that the defendant's counsel understood and supposed she would be subpœnaed in behalf of the people.

We have examined the several exceptions taken by the defendant's counsel during the trial, and it is enough to say that in the rulings to which they refer we discover no error.

The conviction and judgment should be affirmed and the case remitted to the Court of Sessions of Orleans county, with directions to carry the same into execution.

HARDIN and HAIGHT, JJ., concurred.

So ordered.