FRANK GILBERT, APPELLANT, *v.* JOHN PRITCHARD AND OTHERS, RESPONDENTS.

*Pleading — in an action of trespass every item of damage sustained may be alleged in one count.*

The first count in the complaint alleged an assault and battery; the second alleged that the defendants broke the plaintiff's close on a day stated, and then and there trod down the grass and crops and assaulted and beat the plaintiff.

*Held,* that the second count stated but one cause of action, which, under the old practice, was known as trespass *quære clausum fregit,* the injury to the grass and crops and to the plaintiff's person being stated, not as separate causes of action but in aggravation of the trespass.

APPEAL from an order of the Wyoming Special Term requiring the plaintiff to separately state and number the two causes of action alleged in the second count of the complaint.

*E. E. & G. W. Harding,* for the appellant.

*M. E. & E. M. Bartlett,* for the respondents.

SMITH, P. J. :

The first count in the complaint alleges an assault and battery; the second alleges that defendants broke plaintiff's close, on a day stated, and then and there trod down the grass and crops and assaulted and beat the plaintiff. The second count, as well as the first, alleges but one cause of action. It is what, under the old nomenclature, was known as trespass *quare clausum fregit,* the injury to the grass and crops and to the plaintiff's person being stated, not as separate causes of action, but in aggravation of the trespass. Instances of this form of pleading were familiar under the old practice. (*Van Leuven* v. *Lyke,* 1 Comst., 515; *Howe* v.

*Willson*, 1 Denio, 181; *Dunckle* v. *Kocker*, 11 Barb., 387; *Clark* v. *Van Vrancken*, 20 Barb., 278.) And as there is nothing in the Code prohibiting a party from alleging in one count every item of damage he may have suffered from a single trespass, that form of pleading is still good.

The order appealed from should be reversed and the motion denied, with ten dollars costs and disbursements of the appeal.

BARKER and BRADLEY, JJ., concurred; Haight, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion denied.