Angle, J.
—When this motion first came on to be heard upon affidavits, the counsel for the defendant, under a written stipulation between the attorneys which provided that either party should have the right to make and raise in writing any objection, preliminary or otherwise, to the *708 motion papers, or any part thereof, and to move to strike out any affidavit or portion thereof of the other party and that, the court should note its decision, and either party should.be deemed to have and be allowed an exception to every decision overruling any of his or its objections, or denying any of his or its motions, made certain prehminary objections which are in brief:
First. That the notice of motion does not specify any irregularity which is ground for setting aside a verdict; and, second, the notice does not specify any irregularity, or sufficiently specify the irregularity complained of. These objections were overruled when the order of reference was made.
The counsel for the defendant also asked that each and eveiy affidavit should be limited to the issue, whether the verdict was procured by improper and illegal influences brought to bear upon said jury or some of them. This request was also denied in the making of said order of reference.
The counsel for the defendant also objected to certain affidavits and portions of affidavits specifying the name of the deponent and the subject matter to which the objectionable portions related and stating the grounds of the objection, and he also asked that the affidavits of jurors should be limited and restricted as to the purposes for which they could be used. The objections do not specify by line, paragraph or sentence the portions objected to. It is doubtful to what extent the papers upon a special motion r.an, by objections raised on the hearing and by the decision, be made to partake of the character of a bill of exceptions or of a case and exceptions, and I shall not examine the practice in that regard. I will, however, pass upon the leading propositions involved in the objections of defendant’s counsel.
First. Is the acceptance of a juror without challenge a waiver of a right to raise upon a motion of this kind the objection that he may have been subjected to influences which may have had an influence upon the verdict. In Clark v. Van Vrancken (20 Barb., 278) the question was whether a defendant who failed to appear before a justice of the peace or to make any objection to jurors, waived the objection that jurors were not competent by reason of not having the property qualification required by the statute, and in deciding the case, the justice writing the opinion of the general term says (pages 281-282): “On the whole, I am satisfied that an omission to challenge is a waiver of all objection to a juror in like manner as an omission to plead a defense is a waiver of the defense.”
The only point really presented and decided in Clark v. *709 Van Vrancken was whether the omission to challenge was a waiver of the incompetency of a juror by reason that he had not the requisite property qualification.
The case of Hayes v. Thompson (15 Abb. [N. S.] 220) was a motion to set aside a verdict at circuit on the ground that one of the jurors was disqualified by consanguinuity, and the court, at special term, say in denying the motion: “Great latitude is allowed at the circuit for a party to determine what jurors are qualified as indifferent between the parties. 3 R. S. (5th ed.), 718. Parties who do not avail themselves of that latitude and the rules established to secure as jurors persons who are strictly qualified, in the absence of proof that injustice has been done, should be held to waive objections or causes of challenge which might have been ascertained with diligence. 6 Wend., 388; 17 Johns., 133; 7 Cow., 478; 1 Seld., 531.
No such injustice has been shown in this case and the motion to set aside the verdict is denied, with ten dollars costs.” It appears from a note to this case that it was affirmed at general term. The above case, cited from (7 Cow., 478), is Cain v. Ingham, where the motion was to set aside a verdict by reason of the affinity of a talesman. As an excuse for not challenging, it was shown that the party moving was old, infirm and very deaf, so as not as he appraised that the talesman was called till after he was sworn and it was too late to challenge him. The court after deciding that there was no subsisting affinity which could operate as a principal ground of challenge, say: “It is going too far to say that matter of mere evidence upon a challenge to the favor, matter which is undefined and infinitely diversified and multifarious shall be cause for setting aside a verdict when it is accompanied with no evidence that the juror is in fact influenced from the cause.” See, also, Jenkins v. The City of Hudson (8 Civ. Pro. R., 70), and cases cited in opinion. I am led to the conclusion that under the authorities the waiver claimed by the defendant’s counsel exists in the present case, and that his objections arising thereon are well taken. The case of Denn v. Driver (1 Coxe [N. J.], 166), where the court held that the affidavit of a juror was admissible to prove a misconduct in a defendant previous to the trial tending to influence the juror does not disclose that the objection of waiver was raised.
Second. It is said in Williams v Montgomery (60 N. Y., 648), a case reported in memorandum that the court reaffirmed "the principle that jurors cannot be heard by affidavit or otherwise to impeach their verdict.” Coster v. Merest, 3 Brod. & Bing., 272; Clum v. Smith, 5 Hill, 560. The motion there appears to have been made “upon affida *710 vits, among them affidavits of jurors and upon the grounds of misconduct of the defendant and others interested with him in conversing with jurors, of misconduct of jurors and of the constable having them in charge.” The report is not a satisfactory one as the language of the court is not given. The case cited from (3 Brod. & Bing.), gives us no light. The head note to it is: “ Where it was sworn that hand bills reflecting on the plaintiff’s character had been distributed in court and shown to the jury on the day of trial the court would not receive from the jury affidavits in contradiction.”
It appears from the case that counsel “offered affidavits from all the jurymen that no such placard had been shown them,” and the court excluded the affidavits. This case of Coster v. Merest was decided in 1822, and the supreme court of this state, as early as in 1809, in Dana v. Tucker (4 J. R., 487), had held the other way, and said that the affidavits of jurors might be admittéd in exculpation of jurors and in support of their verdict, and this case has ever since been followed in this state. An examination of Clum v Smith (5 Hill, 560; also cited in 60 N. Y., 648, supra), and the cases cited in the opinion show that the doctrine of that case and the English cases there cited, is that the affidavits of jurors are not receivable to impeach their verdict for mistake or error on the merits, nor for irregularity on the part of the jury, and to this extent the objections of defendant’s counsel to affidavits, and portions of affidavits, are sustained. But the affidavits of jurors are admissible to show the misconduct of others. Reynolds v. The Champlain Transportation Co., 9 How., 7; Thomas v. Chapman, 45 Barb., 98.
The case of Woodward v. Leavitt (107 Mass., 453), contains an elaborate discussion of this' question, and an abstract of many authorities and the court say, on page 466: “A juryman may testify to any facts bearing upon the question of the disturbing influence, but he cannot be permitted to testify how far that influence operated upon his mind,” and in Johnson v. Witt (138 Mass., 80), the court say: “It is proper to say, to prevent misconstruction, that while the testimony of jurors was admissible to prove what Allyn said to them as to what took place out of the jury room, it was not competent to prove, by their testimony, what effect was produced upon their minds.” See also Denn v. Driver (1 Coxe, 163), above cited. My conclusion is that outside of error or mistake, irregularity or misconduct, on the part of the jury, affidavits of jurors are competent. In coming to this conclusion I am aware that the above cited case of Thomas v. Chapman perhaps differs from Baker v. Simmons (29 Barb., 198), and Hager v. Hager (38 *711 id., 92, 102), as to whether misconduct on the part of the officer in charge of the jury is ground for disturbing a verdict. In Hager v. Hager (38 Barb., 101), the opinion at general term says: “I do not deem it necessary to discuss the question whether the affidavits of jurors are admissible upon questions * * * including the actions and conduct of others toward them.”
Third. It is also objected that the counsel for plaintiff knew at or about the time it transpired of a certain occurrence at the Nichols house, but as he neglected to call the attention of the court to it or to take any action with regard thereto, he cannot now be heard. I hold the objection well taken. Pellitier v. M. L. and L. Co., 2 New Eng. Rep., 453 (Me., 1886). There is also in the same state a recent case, which seems to hold that a party moving for a new trial should show by his moving papers that he was not informed of the misconduct of which he complained in season to have made his objection before the cause was committed to the jury. Townsend v. Kelly, 2 New Eng. Rep., 428 (Me., 1886); see, also, Mergentheim v. Indiana, 5 West. Rep., 851, 852 (Ind., 1886). The moving affidavit of plaintiff’s attorney states: “That most of the facts which are set forth in the moving papers upon this motion were discovered within thirty days before the making of such affidavit.”
It is abundantly settled that admissions or statements made by a juror are incompetent to impeach a verdict. Clum v. Smith, 5 Hill, 560, 563; Warren v. Spencer, 3 New Eng. Rep., 111 (Mass., 1887).
Upon the coming in of the report of the referee, it appears that most of the persons making the affidavits on which the motion was first heard, were examined as witnesses before him. It also appears from his report that on the hearing .before him he “ruled and decided that under the aforesaid order of reference,” I had no power or authority to pass upon questions of competency or admissibility of • evidence offered by the respective parties, and pursuant to such ruling and decision, did receive aE evidence offered by either party, and herewith return the same to the court, in connection with my report, noting in their proper places aE objections taken thereto, with the grounds of objection, as stated by counsel.”
Under the conclusions to which I have above arrived, much of this evidence was incompetent, and there is nothing before me showing whether or not the referee included such evidence in his consideration of the question, except that he certifies and reports “that upon the evidence produced before me upon such hearing, I am of opinion and do find and decide” upon said questions, as stated in the report.
*712 The reference in this case was not simply to take and report the evidence, but it was under the last clause of section 1015 of the present Code, to determine and report upon the questions of fact which arose upon the motion, as well as to report the evidence taken, and the referee appears so-to have understood it, for he does “find and decide” those questions.
“ The finding of a referee upon a question of fact arising upon a motion, is not conclusive upon the court. It is but to inform the conscience of the court and may be adopted or disregarded.” Marshall v. Meech, 51 N. Y., 141.
After a somewhat critical examination of subdivision 3 of section 271 of the Code of Procedure and the cases decided thereunder (it being the original from which the last clause of section 1015 of the present Code is derived), I' am strongly of the impression that where the reference is to determine and report upon questions of fact it is a trial of the questions so referred, and that upon such a reference the referee has power to, and should as an incident to the power to determine, decide upon the admissibility of evidence. Dwight v. St. John, 25 N. Y., 203.
The case of Scott v. Williams (23 How., 393; 14 Abb., 70), before Justice Leonard, at Chambers, was not a reference to determine a question of fact, but was regarded as a reference to take the evidence. Van Etten v. Hasbrouck (4 N. Y. St. Rep., 803), at general term, in third department, was simply a reference to take evidence, but the court, on page 807, take the distinction between such an order and an order to determine a question of fact which I have above noticed.
It being ambiguous whether the referee excluded from any weight in his determination the incompetent evidence which he felt constrained to take and report, I have gone over the evidence and examined the case upon the merits as an original question upon the facts without regard to the determination by the referee.
After excluding all the evidence obnoxious to the objections I have sustained, a careful consideration of what remains has led me to the conclusion that the verdict should be set aside and a néw trial ordered.
It is not denied that an effort was made on the part of the defendant to influence the sentiment of the people of Bath as to the difference between plaintiff and defendant connected with and growing out of the enlargement of the-village boundaries so as to include Ayres therein, and to show those people that the action of the village towards him was not taken in spite. This cause of difference made its appearance with some prominence upon the trial as a reason for claiming before the jury that this action was *713 brought by plaintiff in revenge for having been made a village tax-payer. It appears also, to my judgment, that some of the persons engaged in forming or correcting the sentiments of Bath as to whether Hammondsport was actuated by spite in making Ayres a tax-payer, went beyond that point and included in their efforts the question whether this was a “spite action” on his part, and that the verdict of the jury may have been influenced by efforts of persons so acting for or on behalf of the defendant.
Verdict set aside, with ten dollars costs of motion; ten dollars costs of reference and referee’s fees to be taxed by clerk of Steuben county upon notice.