JOHN W. SCHRADER, Appellant, v. JOSEPH H. GERTNER, JR., INC., Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment in favor of defendant entered upon a verdict of a jury. Judgment unanimously affirmed, with costs. The trial court did not err in denying defendant's motion to set aside the verdict, which motion was based on affidavits made by five jurors. Although it is a well-settled rule of public policy that affidavits of jurors will not be received to impeach the verdict (*People* v. *Sprague,* 217 N. Y. 373, 381; *Dalrymple* v. *Williams,* 63 N. Y. 361; *Williams*

v. *Montgomery,* 60 N. Y. 648; *Payne* v. *Burke,* 236 App. Div. 527; *Clum* v. *Smith,* 5 Hill 560), they may be considered where they show misconduct on the part of other persons in their dealings with the jurors (*Green* v. *Telfair,* 11 How. Prac. 260; *Reynolds* v. *Champlain Transp. Co.,* 9 How. Prac. 7; *Thomas* v. *Chapman,* 45 Barb. 98; *Wiggins* v. *Downer,* 67 How. Prac. 65; *Wilkins* v. *Abbey,* 168 Misc. 416; *People* v. *Smith,* 187 N. Y. S. 836). In the light of the evidence, which amply supported the verdict, we do not believe that the alleged conduct of the court officer was such as would be "likely or calculated to influence the verdict." (*Thomas* v. *Chapman, supra,* p. 100; see, also, *People* v. *Smith, supra.*) It is to be expected that the jurors generally will not readily concur in a verdict without expenditure of effort. "That effort must be encouraged and required by the court" and, if "the effort is successful, the result should not be done away with " * * " where no one is injured, and the court is satisfied that the verdict is right." (*Wiggins* v. *Downer, supra,* p. 73.) Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.