# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1323**
**CA 14-00896**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF SMALL SMILES LITIGATION
-----------------------------------------------
KELLY VARANO, AS PARENT AND NATURAL GUARDIAN
OF INFANT JEREMY BOHN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, FORBA, N.Y., LLC,
FORBA, LLC, NOW KNOWN AS LICSAC, LLC, FORBA
NY, LLC, NOW KNOWN AS LICSAC NY, LLC, DD
MARKETING, INC., DEROSE MANAGEMENT, LLC, SMALL
SMILES DENTISTRY OF SYRACUSE, LLC, DANIEL E.
DEROSE, MICHAEL A. DEROSE, D.D.S., EDWARD J.
DEROSE, D.D.S., ADOLPH R. PADULA, D.D.S.,
WILLIAM A. MUELLER, D.D.S., MICHAEL W. ROUMPH,
NAVEED AMAN, D.D.S., KOURY BONDS, D.D.S., AND
YAQOOB KAHN, D.D.S., DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), AND
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE, FOR
DEFENDANTS-APPELLANTS FORBA HOLDINGS, LLC, NOW KNOWN AS CHURCH STREET
HEALTH MANAGEMENT, LLC, FORBA, N.Y., LLC, AND SMALL SMILES DENTISTRY
OF SYRACUSE, LLC.

O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C., ALBANY (LIA B. MITCHELL OF
COUNSEL), FOR DEFENDANTS-APPELLANTS FORBA, LLC, NOW KNOWN AS LICSAC,
LLC, FORBA NY, LLC, NOW KNOWN AS LICSAC NY, LLC, DD MARKETING, INC.,
DEROSE MANAGEMENT, LLC, DANIEL E. DEROSE, MICHAEL A. DEROSE, D.D.S.,
EDWARD J. DEROSE, D.D.S., ADOLPH R. PADULA, D.D.S., WILLIAM A.
MUELLER, D.D.S., AND MICHAEL W. ROUMPH.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, ALBANY (MELISSA A.
MURPHY-PETROS OF COUNSEL), FOR DEFENDANTS-APPELLANTS NAVEED AMAN,
D.D.S., KOURY BONDS, D.D.S., AND YAQOOB KHAN, D.D.S.

POWERS & SANTOLA, LLP, ALBANY (MICHAEL J. HUTTER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered March 21, 2014. The order granted
the motions of defendants for leave to renew and, upon renewal,
adhered to the order entered December 3, 2013 granting the motion of

plaintiff for a new trial.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her infant son as a result of, inter alia, allegedly unnecessary dental treatment, performed at a "Small Smiles" dental clinic in Syracuse, New York, allegedly without informed consent or with fraudulently obtained consent. This action was coordinated for purposes of discovery with two other actions in Supreme Court, Onondaga County. Although there are four groups of defendants involved in the three actions (*Matter of Small Smiles Litig*., 109 AD3d 1212, 1212-1213), the only groups relevant to the instant appeal are defendants-appellants (defendants). Supreme Court granted plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict on the ground of improper outside influence on the jury during trial, vacated the judgment and ordered a new trial (*Varano v FORBA Holdings, LLC*, 42 Misc 3d 303) and, by the order on appeal, the court granted defendants' motions pursuant to CPLR 2221 (e) for leave to renew and, upon renewal, adhered to its original determination (*Varano v FORBA Holdings, LLC*, 42 Misc 3d 1232[A], 2014 NY Slip Op 50312[U]). We reverse.

It is well settled that the decision whether to grant a motion for a new trial pursuant to CPLR 4404 (a) is committed to the trial court's discretion and will not be disturbed absent an abuse of that discretion (*see Singer v Krul*, 90 AD3d 1378, 1379, *lv dismissed* 18 NY3d 953; *see generally Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381). Here, we agree with defendants that the court abused its discretion in the manner in which it investigated and determined the issue whether there had been improper outside influence on the jury that "was such as would be likely . . . to influence the verdict" (*Schrader v Joseph H. Gertner, Jr., Inc*., 282 App Div 1064, 1064 [internal quotation marks omitted]; *see Payne v Burke*, 236 App Div 527, 528-529). Shortly after the trial had concluded and the jury was discharged, the court received notice of an allegation from one juror that a person attending the trial had been "stalking" the impaneled jurors on lunch breaks and during other recess periods. The juror described the individual's behavior as "creepy." It was later learned that the individual was a representative of an insurance company monitoring the progress of the trial because it insured many of the defendants. As a result of the "stalking" allegation, the court conducted its own investigation and ultimately set aside the verdict, which had been entirely in defendants' favor, and ordered a new trial. We agree with defendants that the court abused its discretion in conducting an in camera interview of the complaining juror without notifying counsel, without seeking counsels' consent to that procedure (*see generally United States v Bufalino*, 576 F2d 446, 451, *cert denied* 439 US 928), and without providing counsel with an opportunity to be heard or to participate, even in some restricted manner, in the interview of the juror (*see generally Remmer v United States*, 347 US 227, 229-230). Further, the court limited its investigation to one juror, and we conclude that the court abused its

discretion in failing to conduct a more expanded investigation, including, at a minimum, conducting an interview of all of the jurors (*see generally Kraemer v Zimmerman*, 249 AD2d 159, 160).  Lastly, the court abused its discretion in prohibiting counsel from contacting any jurors until after plaintiff's motion to set aside the verdict was decided.  This unnecessary prohibition essentially precluded defendants from obtaining and submitting any meaningful opposition to plaintiff's motion, the practical result being that the granting of plaintiff's motion was a foregone conclusion.

As a result of the limited scope of the investigation made into the alleged "stalking" of the jurors during trial, we cannot determine on this record if any such outside influence " 'likely . . . influence[d] the verdict' " (*Schrader*, 282 App Div at 1065).  We therefore reverse the order and remit the matter to Supreme Court to decide plaintiff's motion following an evidentiary hearing on that issue.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court