M. H. & F. W. BONNER v. JAMES M. WIGGINS.

DAMAGES—PLEADING.—A sued C in trespass to try title to recover land, and for damages claimed as resulting from the entry made by C on the premises in dispute, and his removal of rails therefrom placed there by A. The controversy involved the location of a dividing line between adjoining tracts of land. The petition contained no averment of improvements made by the plaintiff in good faith. The jury found, by their verdict, in C's favor for the land from which he removed the rails, but in favor of A for damages : *Held*—

1. That in the absence of an averment, under the statute, that A had made the improvements in good faith, it was error to render judgment in A's favor for damages.

2. The gist of the action for damages was the injury done the possession.

3. While, as against a mere trespasser, possession is sufficient to support an action, as against the rightful owner a wrongful possession gives no cause of action for entering and resuming possession, unless done with force and a strong hand.

4. The rightful owner of land is the owner of improvements made thereon without his consent.

5. The verdict being in response to an erroneous charge, and not an unconditional verdict for defendant, the finding on the question of boundary may have been influenced by the erroneous issue submitted, and the judgment will not be reformed, but reversed.

APPEAL from Cherokee. Tried below before the Hon. R. S. Walker.

This was a suit by James M. Wiggins against M. H. & F.

W. Bonner, in trespass, for removing certain rails from a tract of land claimed by Wiggins. By amended and supplemental petition the title to the land itself, on which the rails were placed by Wiggins, became, by pleading in trespass to try title, the subject of controversy; compensation for the rails so removed was still claimed, and also vindictive damages under appropriate averments. The fence was erected by Wiggins on Bonner's side of a line which divided tracts of land owned by the parties respectively. No statutory suggestion was made in terms by Wiggins that he made the fence improvement in good faith, the rails of which were removed.

The Bonners, through their agents, removed the rails, as shown by the evidence, thus leaving one portion of the field on Wiggins' land open. There was evidence of damage from this action. The rails were removed without a resort to force, and it does not appear that either Wiggins or his tenants had pedal possession of the particular land on which the fence was built at the time of the alleged trespass.

The court gave the following charge, among others, to the jury, viz.: "To entitle the plaintiff to recover in this action, it is not essential that he should have been the actual owner of the land on which the fence and rails were situated at the time of the supposed trespass. If he placed the rails and fence upon the land, and was the owner of said rails at the time he made the fence, and so placed them in good faith, believing the land to belong to him, such improvements would equitably belong to him; and if he was in possession of said rails and fence, and while so possessed the same were taken and carried away by defendants, or either of them, or by their authority and direction, as to such party or parties thus taking and carrying them away, if he was thereby deprived of their value, he would be entitled to recover the value of such rails, and also pecuniary value of such direct injury and loss as followed, as the immediate consequence of the deprivation of his said rails and fence.'

Verdict and judgment giving the land to the Bonners, and giving Wiggins $283 damages, $83 of which was remitted.

*H. M. Whitaker,* for appellants.

I. Action of trespass *quare clausum fregit* lies to recover damages for injuries to real estate in possession, consequent upon entry without right upon the plaintiff's land.

To entitle James M. Wiggins to recover, he must show by the evidence that the land was in his possession at the time of the injury, and this rightfully, as against the defendants.

The evidence shows that the land was not in the possession of Wiggins at the time of the alleged trespass. (Inhabitants of Barnstable *v.* Thacher, 3 Met., 239; Bacon *v.* Sheppard, 6 Hal., (N. J.,) 197; Harris *v.* Gillingham, 6 N. H., 9; Greenl. Ev., 546.)

II. If the jury, by their verdict, found the defendants to be the owners of the land, then the judgment of the court should have been for the defendants on both issues, irrespective of the verdict of the jury finding damage for the plaintiff, the verdict for the land (which was not appealed from) being inconsistent with that for damages. And such being the case, this court is asked to reverse and reform said judgment accordingly.

*S. B. Barron,* for appellee.

I. Appellee objects to appellants' first proposition under his first, second, and fourth assignments of error, on the ground that it is not a correct proposition of law. The ground of the action of trespass *quare clausum fregit* is the injury to the possession, and is not necessarily dependent upon the question of title to real estate.

II. Appellee objects to appellants' second proposition on the ground that it is not a correct legal proposition. If the jury found plaintiff's possession to be in good faith, that he had placed the rails there, inclosed the bottom and cultivated it from 1865 to 1873, plaintiff would be entitled to damages as

against defendants, who bought in 1872, for breaking his close, notwithstanding the verdict of the jury fixing the boundary in their favor.

Gould, Associate Justice.—The record shows that under the pleadings, as amended, this was an action of trespass to try title, and to recover damages for an alleged trespass, in entering upon plaintiff's land, breaking down his fence, and carrying away the rails. The question of title, growing out of a disputed boundary, was found by the jury in favor of defendants, and judgment was accordingly rendered establishing the boundary claimed by defendants. The jury, however, by the charge of the court, were allowed to find damages for plaintiff, if, being the owner of the rails, and believing the land to belong to him, he placed them there in good faith, and they were carried away by the authority of defendants. Accordingly they found in favor of plaintiff Wiggins $283 damages, and the court, after establishing the boundary so as to give the land on which the fence was to the defendants, proceeded to give plaintiff a personal judgment for that amount.

We look in vain in the pleadings for any averments as to improvements in good faith, or any other averments entitling plaintiff to recover damages on any other ground than that the land was his, and that, therefore, the fence and rails were his and in his possession. The gist of this action for damages was the injury done to his possession. (Kolb *v.* Bankhead, 18 Tex., 232.) As against a mere trespasser, possession is sufficient title to support an action. (Linard *v.* Crossland, 10 Tex., 464.) But as against the rightful owner, a wrongful possession gives no cause of action for entering and resuming possession, unless done with force and a strong hand. (1 Greenl. Ev., sec. 618; 3 Black., ch. 12; 1 Add. Trusts, secs. 383, 446; 1 Chitty's Pl., 177; Sampson *v.* Henry, 13 Pick., 36; Harris *v.* Gillingham, 6 N. H., 9; Wentz *v.* Fincher, 12 Iredell, 297; Houghtaling *v.* Houghtaling, 5 Barb., 379.)

The rightful owner of land is the owner of the improve-

ments made thereon without his consent. (1 Wash. on Real Prop., 3d ed., sec. 4*a*.) Our statute, which entitles a defendant in trespass to try title to pay for his improvements in good faith, does not change the common-law rule and make the improvements his. His equity to compensation is recognized, but the value of the use and occupation is to be assessed and set off against it. Whatever equitable rights Wiggins may have had growing out of his improvements, we think that no facts were stated in his pleadings entitling him to recover on equitable grounds. For the double reason that the gist of the action was the alleged injury to his possession, and that the pleadings raised no issue as to improvements in good faith, the court erred in its charge on that subject.

Appellants ask that the judgment be reformed, rejecting so much of the verdict as finds damages for plaintiff. But while it is true that, under the pleadings, the finding of the jury on the issue of title or boundary was decisive of the entire case, the jury may have been influenced in their verdict on the question of boundary by the erroneous submission to them of another issue. Their verdict, as returned, was responsive to the charge of the court, and certainly was not designed to be an unconditional verdict for defendants. (Hutchins *v.* Bacon, 46 Tex., 412.)

Under the circumstances, we think that the entire verdict should be set aside and a new trial awarded.

The judgment is accordingly reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 4, 1879.]

[BONNER, J., did not sit in this case.]