CHRONE v. GONZALES.   (No. 6256.)

(Court of Civil Appeals of Texas.   San Antonio.
Oct. 15, 1919.)

1. APPEAL AND ERROR ⟐843(2) — ASSIGNMENT INSUFFICIENT FOR CONSIDERATION.

Where there was sufficient pleading and evidence on the issue of actual damages to justify the damages awarded, and the court made no special finding and no request was made of him, there being only a general finding against defendant for actual damages, assignments that court erred in considering certain items of damage alleged need not be considered on appeal.

2. DAMAGES ⟐51—FOR MENTAL SUFFERING NOT RECOVERABLE.

There can be no recovery in favor of a mother on account of mental suffering and anxiety caused by injuries to her child.

3. LANDLORD AND TENANT ⟐278—DAMAGES FOR OUSTER WITHOUT LAWFUL PROCESS.

One in lawful possession of premises as servant under tenants who were holding over after termination of a lease, was entitled to damages, where humiliated by being thrown into the street by force of arms without any lawful process.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by Clotilde Gonzales against Mrs. Cora Chrone and husband.   Judgment for plaintiff, and the named defendant appeals. Affirmed.

E. H. Lange and J. D. Martin, both of San Antonio, for appellant.

Heilbron & Matthews and C. L. McGill, all of San Antonio, for appellee.

COBBS, J.   This suit was brought by Clotilde Gonzales against Mrs. Cora Curtis Chrone and her husband, Robert E. Chrone, for damages alleged to have occurred to her and for mental suffering for being ejected from the premises belonging to defendant, Cora Chrone, her separate estate.   It was alleged that the premises had originally been sublet by defendant to Fernandez and Saracho, who were holding said premises over, after the termination of the lease; that the plaintiff was the housekeeper and employé of said lessees; that the furniture and other effects of the said lessees were in her custody in said premises, together with her own household effects and goods, and other personal property; that she was ejected from said house with her children in the inclement weather by force, and at that time she

had no other place to go to and was placed in a position of ridicule in the presence of others, and was made to suffer mental anguish and distress of mind.

The proof tended to support her allegations and to show that she was forcibly ejected from the premises and her own effects and those of the lessees were thrown out of the house, and caused mental suffering to her, and the defendants thereby repossessed themselves of the house without any lawful process, but by force of arms and against the will of the plaintiff.

The suit was to recover her actual damages, alleged to be in the sum of $475, being $10 for child's medical bill, and $17 loss of money, and $448 damages for mental anguish and suffering, and plaintiff prays for judgment against defendant Cora Curtis Chrone for $448 and $500 exemplary damages.

The errors assigned were: (1) Court overruled the general demurrer; (2) in considering $10 paid for services rendered child by physician as too remote; (3) mental anguish suffered by plaintiff; (4) The loss of $17 as not caused by the act of defendant; and (5) entire cause of action based upon elements of damages too remote.

[1] The court made no special findings, as no request was made of him, but made a general finding against both defendants for actual damages in the sum of $100.   There was sufficient pleading and evidence on the issue of actual damages to justify such a recovery, and we cannot consider any assignment other than as to actual damages.   It is the law, and so conceded by appellee, that there can be no recovery in favor of the mother on account of mental suffering and anxiety caused by the injuries to her child, and it does not appear that the court considered any.

There is no assignment claiming the judgment to be excessive, raised by appellant, nor is its amount for actual damages challenged.

[2, 3] As the court, to find any judgment at all, must have found that the plaintiff was in lawful possession of the premises as servants or agents under tenants who were holding over after termination of the lease, and it was unlawful to evict them vi et armis, and thus humiliate her thereby.   The court, after hearing the evidence, rendered judgment for actual damages only, and fixed the amount of the judgment at $100.

Finding no reversible error assigned as to the ruling of the court, the assignments are all overruled, and the judgment of the court is affirmed.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes