Wesley EMBRY, Appellant,

v.

BEL–AIRE CORPORATION, d/b/a Mobile-home Park and Floyd Clark, Appellees.

No. 12052.

Court of Civil Appeals of Texas, Austin.

April 10, 1974.

Frank T. Ivy, Austin, for appellant.

Dan Moody, Jr., Graves, Dougherty, Gee, Hearon, Moody & Garwood, Austin, for appellees.

SHANNON, Justice.

Appellant, Wesley Embry, sued appellees, Bel-Aire Corporation, doing business as Mobilehome Park, and its employee, Floyd Clark, in the district court of Travis County for $1,131.00 for an alleged wrong-

ful eviction stemming from their termination of utilities to his house trailer. Upon trial to the court, judgment was entered that appellant take nothing. We will affirm that judgment.

By previous judgment this Court dismissed this appeal for want of jurisdiction. 497 S.W.2d 466 (1973). The Supreme Court reversed the judgment of dismissal and remanded the case to this Court for consideration of the merits. 502 S.W.2d 543 (Tex.1973).

In September of 1970, appellee Bel-Aire Corporation owned a trailer camp in Austin, and appellant, a student at the University of Texas, obtained a space there for his house trailer. In that connection appellant signed a written instrument tendered him by Clark. The concluding paragraph of that instrument was termed, "Rental Agreement," and provided as follows:

"I have read the rules and regulations of the Bel-Aire Mobilehome Park, set forth above, and I hereby agree to the terms and conditions thereof. Any breach of such terms and conditions by me or members of my party shall constitute a failure to perform an express condition of my tenancy and shall be grounds for immediate termination of my tenancy. It is agreed that my tenancy may be terminated by giving me written notice three (3) days in advance of such termination. All statutory provisions to the contrary are hereby waived and I expressly agree to pay all court costs and attorney fees which may be incurred by Bel-Aire Corporation in enforcing any revocation or termination of my tenancy in accordance herewith.

THIS CONSTITUTES A BINDING RENTAL AGREEMENT WHEN ACCEPTED BY THE PARK MANAGER. YOU SHOULD READ THIS AGREEMENT BEFORE YOU SIGN IT AND RETAIN YOUR COPY FOR YOUR FILES."

Appellant pleaded that on April 28, 1971, appellee Clark informed him that his tenancy of the trailer space was terminated and demanded possession by May 1, 1971. Appellant refused to surrender possession of the space and on May 1, he tendered the rent for May and the accrued utility charges for April. Clark refused the tender of rent, but accepted payment for the accrued utilities. Appellant alleged further that he notified Bel-Aire Corporation that he intended to leave as soon as he could find other trailer space. On May 15, 1971, while he was absent, appellant pleaded that Clark "wrongfully, willfully and maliciously" disconnected the electric and gas utility service to appellant's trailer. Appellant alleged damages in the sum of $1,131.00 which included spoiled food, expenses in moving his trailer to a new location, inconvenience and mental anguish occasioned by loss of sleep and study time, and exemplary damages.

Appellees defended upon the basis that appellant was notified orally and in writing to vacate the trailer space, and that he refused to so vacate. After appellant's tenancy had terminated, but during the time he continued in possession, appellees pleaded that they cut off the gas and electricity to appellant's trailer house.

The court filed numerous findings of fact and conclusions of law, most of which are not questioned on appeal. The court found that appellant's tenancy was duly and properly terminated in accordance with the rental agreement, and that after the termination of the tenancy appellant still refused to vacate. Thereafter, pursuant to notice previously given, appellees intentionally cut off the utilities to the trailer house. The termination of the utilities was achieved without either force or violence and without any character of breach of the peace, and was done by turning off a valve under appellant's trailer which shut off the gas and by flipping a switch on a utility pole which cut off the the electricity. The appellees did not act willfully or maliciously in cutting off the utilities.

The amount of damages sustained by appellant, as a result of the termination of the utilities, was eleven dollars.

Upon appellant's request the court filed additional findings of fact, and among other things, found that appellant vacated the space because his tenancy had ended. Appellant had planned to move to a new camp before his utilities were cut off, though that act may have advanced his removal by two or three days. None of the expenses of relocating the trailer were caused by the termination of utility service.

The court concluded that the tenancy was duly and properly terminated in accordance with the rental agreement, and after such termination appellant was without legal right to occupy the trailer space. The court was of the further opinion that appellees acted within their legal rights in cutting off the utilities, and that appellant was not entitled to recover any damages by reason of the termination of utility service.

■ Appellant attacks two of the court's findings of fact and two conclusions of law by several points of error, the first point being that the court erred in finding as a fact that the utilities were cut off without the use of force or violence or without any action in the nature of a breach of peace. We are of the opinion that the evidence supports that finding. Appellant was out of Austin when the utilities were cut off. The electricity was cut off by flipping a switch, and the gas was shut off by turning a valve under appellant's trailer house. The switch and valve were a part of the facilities maintained and operated by appellee, Bel-Aire Corporation, and the termination of the utility service was accomplished without doing anything to appellant's fittings and connections, which were not unplugged or disconnected.

Appellant's second point is that the court erred in concluding that the appellees acted within their legal rights in terminating the utility services to appellant's trailer house. Although his tenancy of the trailer space had indisputably ended, appellant insists that appellees were powerless to do anything to remove him from that space except file a forcible detainer suit in the justice court and obtain a writ of restitution for the space.

We are not convinced that the termination of utilities constituted an eviction. At the time of the termination of the utility service appellant had no legal right to remain in the trailer space, and appellees had notified appellant that the utility services would be cut off if he remained. Under these circumstances, it seems doubtful that Bel-Aire Corporation had any obligation to continue to supply appellant with gas and electricity even though one purpose and one result of the termination would doubtless be appellant's removal from the space somewhat earlier than otherwise.

■ However, for purposes of discussion of appellant's second point we will assume that the termination of the utility service constituted an eviction. In Texas one who is entitled to possession of land, but who is not in possession, may not *forcibly* take possession from another. Sinclair v. Stanley, 69 Tex. 718, 7 S.W. 511 (1888), Chrone v. Gonzales, 215 S.W. 368 (Tex.Civ.App.1919, no writ). The rule seems to be, however, that if one entitled to possession can make *peaceable* entry upon the land, he may resort to peaceable means, short of force, as will render impracticable the further occupation of the land by the other person. See Heironimus v. Duncan, 11 Tex.Civ.App. 610, 33 S.W. 287 (1895, no writ), 6 A.L.R.3rd 177, 189–193.[1]

The above discussion demonstrates that appellees' entry onto the trailer space was peaceable. There was no use of force as in *Sinclair* and *Chrone, supra.*

1. See I Harper and James, The Law of Torts, § 3.15 (1956), for a helpful discussion of the development of English and American law limiting the rights of the owner, who is entitled to possession of land, to regain possession.

By two cross-points, Bel-Aire Corporation complains of error of the court in taxing one-half of costs against it and in denying it attorney's fees. Bel-Aire's claim for those items is bottomed upon the instrument which appellant signed when he moved into the trailer camp. As previously noticed, that instrument provides in part ". . . I expressly agree to pay all court costs and attorney fees which may be incurred by Bel-Aire Corporation in enforcing any revocation or termination of my tenancy in accordance herewith."

Appellant's suit was for wrongful eviction. The validity of the termination of the tenancy was never seriously at issue. Under these circumstances, we are of the opinion that the attorney's fees and the costs of court were not incurred by Bel-Aire Corporation in enforcing ". . . any revocation or *termination of* [appellant's] *tenancy*." (Emphasis added)

The judgment is affirmed.